Ruffiít, C. J.
 

 Undoubtedly it is incorrect to suppose, that this action could be maintained against a trespasser. It would not lie for the hire of a personal thing against a trespasser ; but the owner would have to resort to the action of trover or trespass. If, indeed, a trespasser sell the thing, the owner may waive the trespass and affirm the sale and bring assumpsit for the price as money had and received ; and so, for money received by the trespasser for hire by him to another person. But for the trespass itself in taking the thing, or for the enjoyment of it by the trespasser, assumpsit will not lie, as no contract, express or implied, exists between the parties. So, with respect to land, if the trespasser let it and receive rents» we will not say, that he would not be liable therefor as money had and received to the use of the owner. But, for the injury of illegally entering into the land of another and keeping him out, the remedy is by action of trespass for the mesne profits after the owner regains the possession. No action
 
 ex contractu
 
 lies, as there is nothing from which a contract can be implied. That, however,
 
 *29
 
 is not material to the present purpose, as this defendant was not a trespasser, but entered under authority of law upon a supposed or intended purchase of the premises.— The question is, whether the action of assumpsit will lie under such circumstances ; and the opinion of the Court is, that it will not.
 

 There are most respectable authorities, that this action cannot be maintained by a vendor against one who entered and occupied under a contract of purchase, after the contract has been rescinded or abandoned, although it might lie upon a parol lease, not reserving a certain rent. Those decisions go on the ground, that compensa* tion for the use of land is in truth rent, and can only arise where there is the relation of landlord and tenant, and that such relation does not subsist where the contract is for a sale and purchase. Hence, the law leaves the parties to their remedies on that contract, or to provide by proper stipulations for what may be just between them upon their rescinding it. And it is somewhat surprising and to be regretted, that provision was not made for the new state of things, when the defendant was discharged by the Court from his purchase, by requiring him to take the land for the year, if the infant’s estate should so long continue, at a proper rent. But that point need not be further considered, as it is the opinion of the Court, that in our law assumpsit will not lie for use and occupation of land unless upon an express contract of leasing, and thei’eforo that this plaintiff cannot recover.
 

 It is clear, that at common law it would not lie upon an implied promise, but only an express one. The reason is, that there were higher remedies, namely, debt and distress.
 
 Reade
 
 v.
 
 Johnson,
 
 Co. Eliz. 242.
 
 3 Woodesou’s Lectures
 
 79. Indeed rent due on a parol lease is a specialty debt, in the administration of assets.
 
 Gage
 
 v.
 
 Acton,
 
 1 Salk. 325. This reason has been said to be technical, and that is true. But that is no ground for holding it to be
 
 *30
 
 insufficient for not allowing the action. The quéstion is, whether the law should imply a promise to pay rent, in order thereby merely to give assumpsit as a remedy, when the law had already provided the others just mentioned. It is plain; that no such implication should be made, unless, for the same reason, a promise may also be implied to pay a sum of money, which the party owed, by bond, by lease, by'indcnture, or by judgment. The reason against the one is as technical as that ¿gainst the other : for, in truth, it is the same in each case. If, indeed, there be an express contract to pay rent, then it was held, that assumpsit would lie thereon : and, therefore, when the promiselaidin the declaration was admittedby demurrer, or confessed in the plea in bar, or appeared upon evidence upon non assumpsit, to have been expressly made, the plaintiff was entitled to judgment, because the promise was collateral and was to be taken as intended to givb this additional remedy.
 
 Dartnal v. Morgan,
 
 Cro. Jac. 598,
 
 Acton
 
 v.
 
 Symon,
 
 Cro. Car. 414,
 
 Johnson
 
 v.
 
 May,
 
 3 Leo. 150.
 
 Mason
 
 v.
 
 Beldam,
 
 3 Mad. 73. In conséquénee of that state of the law, it was enacted in England, aS a part of St. 11, Geo. 2. C. 19, that, where the agreement is not by deed, the landlord may recover in an action on the case for use and occupation. Since that time the action is common in that country, as founded on the statute. Before it, no instance is found in which it was sustained upon an implied promise. That act is not in force in this State. It is probable it may have been in use formerly or deemed to have been in force here : as it is stated by Judge TayloR, in
 
 Hayes
 
 v.
 
 Acre,
 
 Conf. Rep. 19, that recoveries had been made in our Courts upon implied promises, and, as we have seen, there was no other ground for-them.' In that case the plaintiffhad judgment: but the report is very unsatisfactory, as the whole record was not here, and it docs not appear, whether the pica was non assumpsit, or some other bar, or whether, if the for
 
 *31
 
 mer, an express promise was proved, or whether the point arose on a motion in arrest of judgment. It is possible, indeed, that Judge Tayi.or’s opinion was, that a promise might be implied and the action lie on it, as he says that it did not appear from the verdict, whether the action was founded on an express or implied promise, and, consequently, he must be supposed to have thought the plaintiff entitled to judgment in either case. But in both positions, it is apparent, that he was mistaken. For, after a verdict or upon demurrer, every promise laid in the declaration is necessarily taken to be express ; and the objection, that one could not be implied, could only arise upon the'evidence on non assumpsit, or upon a special verdict, as in
 
 Recede
 
 v.
 
 Johnson,
 
 that there was no special promise, but a leasing for years at a certain rent.
 
 In Hayes
 
 v.
 
 Acre,
 
 therefore, the Court was obliged, in the state of the record, to regard the promise as express; and it may bé, that the other Judges rested their opinions on that. Judge Taylor was mistaken likewise in supposing that
 
 Mason
 
 v.
 
 Beldam,
 
 which he cited, was an authority, that this action was maintainable at common law upon an implied promise for rent; for the promise was, of course, laid in the declaration as express, and the defendant demurred, and thereby admitted it as laid. In such a case the Court said, in
 
 Johnson
 
 v.
 
 May,
 
 an express promise shall be intended, and not a bare promise in law.
 

 Under such circumstances the Court finds itself wholly unable to sustain this action. It was denied by the common law, and we cannot undertake to give a remedy at common law, which is directly against that law. As far as it ever prevailed here — and that, as far as we have experience, must have been to a very limited extent — it probably proceeded upon some notion, that the act of George 2nd authorised it here. If so, that ground entirely fails at present; because by the Act of I83G, Rev. St, eh. 1, sec.
 
 2,
 
 all the English statutes not then re-enacted,
 
 *32
 
 though in use heve before, were repealed. It is to be regretted that the act of George 2nd was not enacted here, as it is a beneficial law. But it was not, and the case is, therefore, at common law, and the action does not lie.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.